## No. 1019

No. 19679—David Atkins v. State of Ohio. Error to the Court of Appeals of Stark county.

480. EVIDENCE—1. Supreme court will look to the record, in first degree murder case, to ascertain whether or not the rule as to the quantity and quality of evidence in such cases has been complied with.

2. Application of counsel for permission to interview companions of accused rests in the sound discretion of the court, and refusal by the court is not prejudicial when the additional testimony sought would have been cumulative to testimony adduced.

MARSHALL, C. J.

1. Ordinarily this court will not consider the mere weight of evidence on review of the record of a trial below, yet this case being one where the law requires a higher quality and a greater quantity of evidence than is required in ordinary cases where a verdict is supported by a preponderance of the proof this court will look to the record to ascertain whether or not the rule has been disregarded.

2. In a conviction of murder under section 12402-1 for killing a railroad policeman, the conviction will be sustained though it does not affirmatively appear that the officer was at the time wearing a metallic shield with the word "Police" and the name of the railroad for which he is appointed inscribed thereon, where it appears that the accused knew that the deceased was in fact a railroad policeman.

3. A railroad policeman who observes parties leaving a train upon which they have been unlawfully riding is authorized to pursue such parties upon private premises and to make an arrest upon such private premises, and resistance on the part of such parties resulting ing in knowingly killing the policeman constitutes murder under said statute.

4. An application to a trial court to permit counsel for the accused to privately interview companions of the accused who are then being held in jail as witnesses for the state awaiting trial of the accused rests in the sound discretion of the trial court and refusal is not error in the absence of abuse of discretion.

5. Such refusal is not prejudicial when the testimony which it is claimed would have been developed by interviewing the witness was within the knowledge of the accused himself and the additional testimony sought would have been cumulative to testimony adduced.

Judgment affirmed.

Jones, Day, and Kinkade, JJ., concur.

## No. 1020

No. 19688—F. A. Jackson, County Treas., v. Board of Education. Error to the Court of Appeals of Greene county.

1J3. ASSESSMENTS—Municipality, by virtue of 3812 GC., may levy assessments for street improvements against property belonging to board of education and being used for school purposes.

MARSHALL, C. J.

1. Section 3812, General Code, confers upon a municipality general authority to levy assessments for street improvements against property within such corporation belonging to a board of education and being used for school purposes, and no provision exists in the general code of Ohio exempting such property from that general authority.

2. In the event of failure of such board of education to pay an assessment so levied, an action may be brought by the municipal corporation against such board of education to recover the amount of such assessment.

Judgment reversed.

Day, Allen, Kinkade and Robinson JJ., concur.

## No. 1021

No. 19992—Bennett Brothers, a partnership, v. The Public Utilities Commission of Ohio. Error to Public Utilities Commission of Ohio.

973. PUBLIC UTILITIES COMMISSION— Commission must grant certificate of public convenience and necessity where route in question can be granted without affecting the business of the only common carrier operating within such territory.

ALLEN, J.

Where a motor transportation company applies for a certificate of public convenience and necessity to transport freight in a territory where the record shows necessity for such service, and where, so far as the record shows, the route in question can be granted without deranging or affecting the freight business of the one common carrier operating within such territory, it is the duty of the Public Utilities Commission to grant such application for the territory in question.

Order modified.

Marshall, CJ., Jones, Matthias, Day, Robinson and Kinkade, JJ., concur.

## No. 1022

No. 20065—The Central Ohio Transit Company, a corporation, v. The Public Utilities Commission of Ohio. Error to Public Utilities Commission of Ohio.

1192. TRANSPORTATION (Motor) — Where motor transportation company is found to give inadequate service, such company shall be given a reasonable time to provide service before a competing company may extend and increase its service upon the route in question.

ALLEN, J.

1. When the Public Utilities Commission finds upon an application to extend service and to change and increase schedules and to increase equipment that any mtoor transportation company does not give convenient and necessary service, upon a certain route, such motor transportation company shall be given a reasonable time, not less than sixty days, to provide such service before permission shall be given to a competing motor transportation company to extend and increase its service upon the route in question.

2. Under Sections 614-87, 614-91 and 614-93, General Code, when an application is filed with the Public Utilities Commission for the purpose of changing, extending or shortening the route or increasing or decreasing the number of vehicles, or for the doing of any act or thing which the applicant might be permitted to do under the general statutory laws and regulations of the State of Ohio, the application shall be considered by the Commission and be governed in the same manner as is provided in case of an original application.

Order reversed.

Marshall, CJ., Matthias, Day, Kinkade and Robinson, JJ., concur.